UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN HAMILTON, | No. 2: 16-cv-0967 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SHASTA COUNTY, et al., | |
| Defendants. | |

Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 5.)

On June 2, 2016, the undersigned granted plaintiff thirty days to show cause why his claim for injunctive relief should not be dismissed pursuant to the Younger Abstention Doctrine. (ECF No. 6.)  Thirty days passed, and plaintiff did not respond to the June 2, 2016 order. Accordingly, for the reasons stated herein, plaintiff's claim for injunctive relief is dismissed, and his claim for damages is stayed.

This action proceeds on the original complaint filed May 6, 2016.  Named as defendants are Shasta County, the Shasta County Sheriff's Office, and Shasta County Sheriff Tom Bosenko. Plaintiff alleges that defendants conspired to violate his constitutional rights.  Plaintiff alleges that defendants illegally searched and seized his property, falsified warrants, and entered his private

1

property for no good reason. Plaintiff alleges that defendants wrongfully brought charges against him and his brother. Plaintiff alleges that he is now falsely imprisoned, apparently based on those allegedly false charges. Plaintiff alleges that he is being maliciously prosecuted.

As relief, plaintiff seeks money damages and injunctive relief. With respect to his claim for injunctive relief, plaintiff requests "relief" from "all fictitious charges." The undersigned first addresses plaintiff's claim for injunctive relief.

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that a federal court was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention. <u>Id.</u> at 43–54. Under the <u>Younger</u> Abstention Doctrine, federal courts may not stay or enjoin pending state criminal court proceedings. <u>Mann v. Jett</u>, 781 F.2d 1448, 1449 (9th Cir. 1986). <u>Younger</u> abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982).

In the June 2, 2016 order, the undersigned directed plaintiff to file briefing addressing the <u>Middlesex</u> factors. As discussed above, plaintiff failed to respond to the June 2, 2016 order. Accordingly, the undersigned herein applies the <u>Middlesex</u> factors based on the allegations in the complaint.

It is clear from plaintiff's complaint that state criminal proceedings are ongoing. It is also clear that these state criminal proceedings implicate state important interests. Finally, the undersigned finds that the state court proceedings provide plaintiff with an adequate opportunity to raise his constitutional claims. For these reasons, plaintiff's claim for injunctive relief is barred by the <u>Younger</u> Abstention Doctrine.

The undersigned next turns to plaintiff's claim for money damages. As discussed in the June 2, 2016 order, in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994), the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

>> invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 487-87.

Heck extends beyond claims challenging convictions to bar a prisoner's claims for wrongful arrest and malicious prosecution, i.e., the claims presented by plaintiff in this action. See, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (holding that Heck bars plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (explaining that Heck bars plaintiff's false arrest and imprisonment claims until conviction is invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck bars plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest and brought unfounded criminal charges).

Heck does not, however, bar a plaintiff from bringing an action asserting these claims during the pendency of the criminal action. Wallace v. Kato, 549 U.S. 384, 393–94 (2007), explains that such action should instead be stayed:

>> [i]f a plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

459 U.S. at 393-94.

Later, "[i]f the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed." Yuan v. City of Los Angeles, 2010 WL 3632810, at *5 (C.D. Cal. Aug. 19, 2010) (citing Wallace, 549 U.S. at 393); Peyton v. Burdick, 358 Fed. Appx. 961 (9th Cir. 2009) (vacating judgment in § 1983 case where claims implicated rulings likely to be made in pending state court criminal proceeding and remanding for district court to stay action until pending state court proceedings concluded).

////

1  Plaintiff's claims for damages are based on the criminal pending charges. Plaintiff's
2  claims implicate rulings likely to be made in the pending state court criminal proceeding. Under
3  these circumstances, plaintiff's claim for damages should be stayed pursuant to <u>Wallace</u>.
4  Accordingly, IT IS HEREBY ORDERED that:
5  1. Plaintiff's claim for injunctive relief is dismissed on grounds that it is barred by the
6  <u>Younger</u> Abstention doctrine;
7  2. Plaintiff's claim for damages is stayed; within thirty days of the conclusion of the
8  criminal proceedings against him, plaintiff shall notify the court;
9  3. The Clerk of the Court is directed to administratively close this action.
10 Dated: July 22, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ham967.dis